1 | DANIEL G. BOGDEN
United States Attorney
2 | Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
3 | Assistant United States Attorney
Nevada Bar No. 1925
4 | Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
5 | Las Vegas, Nevada 89101
Telephone: (702) 388-6336
6 | Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
7 | Counsel for the United States of America

8

9

10 | **UNITED STATES DISTRICT COURT**

11 | **DISTRICT OF NEVADA**

12 | UNITED STATES OF AMERICA, )
 )
13 | Plaintiff, )
 )
14 | v. ) 2:10-CV-039-RLH (GWF)
 )
15 | $15,982.00 IN UNITED STATES CURRENCY, )
 )
16 | Defendant. )

17 | <u>DEFAULT JUDGMENT OF FORFEITURE</u>

18 | The United States filed a verified Complaint for Forfeiture in Rem on January 8, 2010.

19 | Docket #1. The Complaint (#1) alleges the defendant property:

20 | a. is involved in a transaction or attempted transaction in violation of 18 U.S.C.

21 | § 1956(a)(1), or is property traceable to such property, and is subject to

22 | forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

23 | b. is involved in a transaction or attempted transaction in violation of 18 U.S.C.

24 | § 1956(a)(2), or is property traceable to such property, and is subject to

25 | forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

26 | . . .

c.    is involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

d.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1084 and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

e.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

f.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

g.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(1) and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

h.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(3) and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

2

i.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1955 and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

j.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

k.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(2), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

l.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

m.    is involved in violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and

n.    is involved in violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

It appearing that process was fully issued in this action and returned according to law;

On January 26, 2010, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. #4, #5.

3

1        Pursuant to the Order (#4), the Complaint (#1), the Order (#4), the Summons and Warrant

2    (#5), and the Notice of Complaint for Forfeiture (#6) were served on the defendant property, and the

3    Notice was published according to law. #9.  All persons interested in the defendant property were

4    required to file their claims with the Clerk of the Court within 30 days of the publication of the Notice

5    or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to

6    the Complaint within 21 days after the filing of their respective claims. #1, #4, #5, #6, #9.

7        Public notice of the forfeiture action and arrest was given to all persons and entities by

8    publication on the official government website www.forfeiture.gov from March 9, 2011, through April

9    7, 2011. #9, p. 2-4.

10        On May 13, 2010, the United States Immigration and Customs Enforcement served the

11    Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice

12    by executing them on the defendant property. #6.

13        On April 14, 2011, the Notice of Filing Proof of Publication Process was filed. #9.

14        On May 9, 2011, the United States filed a Settlement Agreement, Stipulation for Entry of

15    Judgment of Forfeiture as to John Astarita, and Order, regarding the $15,982.00 in United States

16    Currency.  John Astarita waived, among other things, service of process. #10.

17        On May 10, 2011, the Court entered the Order granting the Settlement Agreement, Stipulation

18    for Entry of Judgment of Forfeiture as to John Astarita, and Order. #11.

19        No other person or entity has filed a claim, answer, or responsive pleading within the time

20    permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

21        On May 16, 2011, the United States filed a Request for Entry of Default against the defendant

22    property and all persons or entities who claim an interest in the defendant property in the above-

23    entitled action. #12.

24        On May 20, 2011, the Clerk of the Court entered a Default against the defendant property and

25    all persons or entities who claim an interest in the defendant property in the above-entitled action. #13.

26    . . .

1    John Astarita is not in the military service within the purview of the Servicemembers Civil

2  Relief Act.

3    The allegations of the Complaint are sustained by the evidence and are adopted as findings

4  of fact.  The Court concludes as a matter of law that the United States is entitled to the relief requested

5  in the Complaint.

6    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

7  Default Judgment of Forfeiture be entered against the defendant property and all persons or entities

8  who claim an interest in the defendant property in the above-entitled action.

9    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the

10  same is hereby forfeited to the United States of America, and no right, title, or interest in the property

11  shall exist in any other party.

12    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

13  cause for the seizure or arrest of the defendant property.

14

15  _____
    UNITED STATES DISTRICT JUDGE

16

17    DATED: May 26, 2011.

18

19

20

21

22

23

24

25

26

5